UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| AMALGAMATED CASUALTY INSURANCE COMPANY )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>LEGYND TRANSPORTATION, LLC )<br>Serve: Hassan Elmi Ali, Registered Agent )<br>4214 Jefferson Avenue )<br>Newport News, Virginia 23607 )<br>)<br>  Defendant )<br>) | Case No. _____ |

COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Amalgamated Casualty Insurance Company ("Amalgamated" or "Plaintiff"), by counsel, and as its Complaint for Declaratory Judgment against Legynd Transportation, LLC ("Legynd" or "Defendant"), pursuant to the Declaratory Judgment Act contained in 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows:

Parties

1. Amalgamated is an incorporated insurance company formed and existing under the laws of the District of Columbia with its principal place of business located at 8401 Connecticut Avenue, Suite 300, Chevy Chase, Maryland 20815. Amalgamated is, therefore, a citizen of the District of Columbia and a citizen of the State of Maryland. Amalgamated is not a citizen of the Commonwealth of Virginia, but submits itself to the jurisdiction of this Court.

2. Legynd is a limited liability company organized and existing under the laws of the

Commonwealth of Virginia, with its principal office at 4214 Jefferson Avenue, Newport News, Virginia 23607.  On information and belief, Legynd has one member; namely, Hassan Elmi Ali, who is a resident and citizen of the Commonwealth of Virginia, residing at 236 Hankins Drive, Hampton, Virginia 23669, and who maintains a business address at 4214 Jefferson Avenue, Newport News, Virginia 23607.  Therefore, Legynd is a citizen of the Commonwealth of Virginia because its sole member is a citizen of the Commonwealth of Virginia.

### Jurisdiction and Venue

3.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

4.   The venue of this action is property predicated on 28 U.S.C. § 1391 and Local Civil Rule 3(B)(2).  More specifically, venue is proper because this civil action is being brought in the judicial district and division where Legynd maintains its principal place of business; the place in which a substantial part of the events or omissions giving rise to this cause of action occurred; and the judicial district and division in which Legynd and Hassan Elmi Ali are subject to personal jurisdiction.

5.   This Court has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto pursuant to the Declaratory Judgment Act contained in 28 U.S.C. § 2201.

6.   All necessary and indispensable parties to this adjudication have been properly joined herein.

### Policy of Insurance at Issue

7.   This Complaint For Declaratory Judgment is brought for the interpretation of

Amalgamated Casualty Insurance Company Commercial Auto Policy Number CAP-21-0108491-03, effective for the policy period of October 12, 2021 to October 12, 2022 ("Insurance Contract"). A true and accurate copy of the Insurance Contract is attached hereto as **Exhibit 1** and is incorporated by reference herein.

8. The Insurance Contract was issued by "Amalgamated Casualty Insurance Company" to "Legynd Transportation," and affords maximum liability coverage for the incident that will be hereinafter described of One Hundred, Twenty-five Thousand Dollars ($125,000).

9. Other than the Insurance Contract, there are no other insurance policies issued or written by Amalgamated, or any affiliate insurance carrier, that could afford insurance coverage or benefits to Legynd Transportation, LLC for the allegations, claims, and causes of action hereinafter described.

Underlying Claim, Incident, and Factual Allegations

10. On or about August 8, 2022, Latasha Delacley Eley ("Ms. Eley") was operating a motor vehicle described as a 2011 Dodge Caravan on Harpers Road, in the City of Virginia Beach, Virginia, when she lost control of the vehicle, left the paved portion of the roadway, and impacted a tree (hereinafter "the Incident"). Ms. Eley claims to have sustained bodily injuries and incurred resulting damages as a proximate cause of the Incident.

11. Upon information and belief, the 2011 Dodge Caravan Ms. Eley was operating at the time of the Incident was owned, or in the lawful possession of Legynd, and being operated by Ms. Eley as an independent taxi driver under a contract with Legynd.

12. Ms. Eley has alleged the aforedescribed Incident was caused by the failure of a tire on the 2011 Dodge Caravan she was driving at the time of the Incident, and that the failure of the tire was the result of the failure of Legynd to property maintain the vehicle.

13. Ms. Eley has retained counsel, who has presented a demand to Amalgamated for coverage of Ms. Eley's claim against Legynd for an amount up to the insurance policy limit of the Amalgamated Policy of $125,000.

14. The first notice of the Incident provided to any agent, representative or employee of Amalgamated from any source occurred forty-six days after the Incident on September 23, 2022.

## Lost Evidence

15. Between the time of the Incident and the time the 2011 Dodge Caravan involved in the Incident was moved from the site of the Incident to a storage lot, all four tires remained on the vehicle, including the tire alleged to have failed and caused the Incident.

16. At the time the Incident was first reported to Amalgamated, the tire alleged to have failed and caused the Incident had been removed from the vehicle, and was lost. Amalgamated was denied the opportunity to investigate the cause of the Incident because of the delay in its receipt of notice of the Incident.

## Duty to Give Notice

17. Under the Insurance Contract's "Business Auto Coverage Form, *Section IV – Business Auto Conditions*, paragraph *2. Duties In The Event Of Accident, Claim, Suit Or Loss,*" subparagraph *a.*, page 7 of 12, Amalgamated has no duty to provide coverage under the Insurance Contract unless the insured has given Amalgamated prompt notice of the accident or loss, including notice as to how, when and where the 'accident' or 'loss' occurred; the 'insured's' name and address; and to the extent possible, the names and addresses of any injured persons and witnesses.

## Duty to Cooperate and Preserve Evidence

18. Under the Insurance Contract's Virginia Changes – Business Auto Coverage Form,

Paragraph G., page 3 of 4, the Business Auto Conditions of Section IV, *Duties In The Event Of An Accident, Claim Or Loss*, subparagraph A.2.b.(3) is amended to add the obligation of an insured to cooperate with Amalgamated in its investigation; and subparagraph A.2.c.(3) is amended to include the requirement that Amalgamated be permitted to inspect the vehicle before it is repaired or disposed of.

<u>Defendant's Violations of the Insurance Contract</u>

19. Legynd, through its agents, representatives and employees, had actual knowledge of the Incident on or about August 8, 2022; had actual knowledge that Ms. Eley claimed to have sustained bodily injuries, would receive medical care, and would incur expenses for medical care; that Ms. Eley claimed the Incident was the result of the failure of a tire on the 2011 Dodge Caravan that was involved in the Incident; and that Ms. Eley claimed the failure of the tire was caused by the failure of Legynd to properly maintain the vehicle.

20. The tire alleged by Ms. Eley to have been defective and caused the Incident disappeared during Legynd's forty-six day delay in giving its first notice of the Incident to Amalgamated, and that delay was the reason Amalgamated was denied the opportunity to inspect the most crucial item of evidence in the investigation of the Incident.

21. By failing to provide notice to Amalgamated until September 23, 2022; by failing to cooperate with Amalgamated's investigation; and by failing to permit Amalgamated to inspect the 2011 Dodge Caravan involved in the Incident before it was repaired or disposed of; Legynd failed to comply with the Insurance Contract's "*Duties In The Event Of Accident, Claim, Suit Or Loss*" provisions.

22. The Insurance Contract's "*Duties In The Event Of Accident, Claim, Suit Or Loss*" provisions are conditions precedent to coverage, and Legynd's failure to satisfy conditions

precedent to coverage under the Insurance Contract constitutes a material breach of the Insurance Contract.

23. Legynd's failure to satisfy conditions precedent to coverage under the Insurance Contract, and its material breach of the Insurance Contract by failing to comply with the Insurance Contract's "*Duties In The Event Of Accident, Claim, Suit Or Loss*" provisions, bars coverage for the claims and causes of action arising, either directly or indirectly, from the Incident, including, but not limited to claims and causes of action that have been, or will be asserted by Ms. Eley.

## The Controversy

24. Amalgamated denies it is obligated to provide coverage under the Insurance Contract to or for Legynd , or any other person or entity, for claims and cause of action arising from the Incident, and/or any other injuries or damages sustained by any person or entity as a result of the Incident.

25. Therefore, there exists an actual controversy and dispute between the parties hereto involving the obligation of Amalgamated to defend or indemnify Legynd, and be liable for the damages claimed by Ms. Eley, arising out of the Incident.

26. Amalgamated denies that it has any obligation to provide insurance coverage or benefits to, or for Legynd under the Insurance Contract for the claims and causes of action asserted by Ms. Eley, or otherwise arising out of the Incident, on the ground that Legynd failed to satisfy a condition precedent to coverage under the Insurance Contract by failing to provide "prompt" notice to Amalgamated of the Incident.

27.  Amalgamated denies that it has any obligation to provide insurance coverage or benefits to or for Legynd under the Insurance Contract for claims and causes of action asserted by Ms. Eley, or otherwise arising out of the Incident, on the ground that Legynd failed to satisfy

conditions precedent to coverage under the Insurance Contract by failure to cooperate with Amalgamated's investigation, and failing to preserve the 2011 Dodge Caravan involved in the Incident for Amalgamated's inspection.

## Jury Demand

28. Amalgamated hereby demands a trial by jury.

WHEREFORE, having set forth the grounds for its Complaint for Declaratory Judgment, Amalgamated prays as follows:

A. That this Court finds it has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto; that the Court finds venue is proper in this Court for the adjudication of the rights and obligations of the parties as to the Insurance Contract; and that the Court finds all necessary and essential parties have been properly joined herein; and

B. That this Court finds the Insurance Contract attached hereto as Exhibit 1 is a true and complete copy of Amalgamated Casualty Insurance Company Commercial Auto Policy Number CAP-21-0108491-03, effective for the policy period of October 12, 2021 to October 12, 2022; and

C. That this Court finds the Insurance Contract is the only policy of insurance written or issued by Amalgamated, or its affiliates, that could afford coverage to or for Legynd for any claims or causes of action arising, either directly or indirectly, out of the Incident, including claims asserted by Ms. Eley; and

D. That this Court finds that the Named Insured in the Insurance Contract, Legynd Transportation, is one and the same entity joined as a defendant in this action, Legynd Transportation, LLC; and

E. That this Court finds Legynd was aware of the Incident by no later than August 8, 2022, but did not provide notice to Amalgamated of the Incident until September 23, 2022; and

F.   That this Court finds the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract required Legynd to give "prompt" notice to Amalgamated of the Incident, and that such requirement was a condition precedent to coverage under the Insurance Contract; and

G.   That this Court finds Legynd failed to provide "prompt" notice to Amalgamated of the Incident as required by the Insurance Contract; that Legynd's failure to provide "prompt" notice to Amalgamated of the Incident violated the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract; that such a violation of the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract constituted a material breach of a condition precedent to coverage under the Insurance Contract; and, as a result of the material breach of a condition precedent to coverage, Amalgamated does not owe insurance coverage or benefits to or for Legynd under the Insurance Contract for the allegations, claims, and causes of action related, directly or indirectly, to the Incident, including the claims asserted by Ms. Eley; and

H.   That this Court finds Legynd's failure to provide "prompt" notice to Amalgamated of the Incident as required by the Insurance Contract constituted a failure to cooperate with Amalgamated's investigation and resulted in the failure of Legynd to permit Amalgamated to inspect the 2011 Dodge Caravan involved in the Incident before it was repaired or disposed of; that Legynd's said failure violated the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract; that such a violation of the terms, conditions, obligations, exclusions, and provisions of the Insurance Contract constituted a material breach of a condition precedent to coverage under the Insurance Contract; and, as a result of the material breach of a condition precedent to coverage, Amalgamated does not owe insurance coverage or benefits to or for Legynd under the Insurance Contract for the allegations, claims, and causes of action related, directly or

indirectly, to the Incident, including the claims asserted by Ms. Eley; and

I.   That this Court finds the Insurance Contract does not afford coverage or insurance benefits for any allegations, claims, or causes of action asserted by or against Legynd arising, directly or indirectly, out of the Incident and the Underlying Lawsuit; and

J.   That this Court declares Amalgamated has no obligation to provide insurance coverage or benefits to or for Legynd, or to pay any claims, damages, judgments, settlements, or compromises arising, directly or indirectly, out of the Incident, including, but not limited to the claims asserted by Ms. Eley; and

K.   That this Court enters an Order incorporating all of the above-described findings of fact and conclusions of law; and

L.   That this Court grants to Amalgamated any such further relief and it might deem appropriate.

AMALGAMATED CASUALTY INSURANCE COMPANY

By Counsel

*/s/ Daniel L. Robey*
Daniel L. Robey, Esquire
Virginia Bar Number: 15531
MIDKIFF, MUNCIE & ROSS, P.C.
10461 White Granite Drive, Suite 225
Oakton, Virginia 22124
Telephone: (703) 938-5989
Facsimile: (703) 938-5980
Email: drobey@midkifflaw.com
*Counsel for Amalgamated Casualty Insurance Company*