IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

```
FILED
SEP 18 2023
CLERK, U.S. DISTRICT COURT
    NORFOLK, VA
```

AMALGAMATED CASUALTY
INSURANCE COMPANY

           Plaintiff,

v.                                            CIVIL ACTION NO. 4:22-cv-122

LEGYND TRANSPORTATION, LLC,

           Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Latasha D. Eley's ("Intervenor") Motion to Intervene. Int. Mot. to Intervene, ECF Nos. 11, 12, 18, 19 ("Int. Mot."). Amalgamated Casualty Insurance ("Plaintiff") supports the motion. Pls.' Resp. Supp. to Int's. Mot. to Intervene, ECF No. 13 ("Pls.' Resp."). Legynd Transportation, LLC ("Defendant") has not responded. For the reasons stated below, the Motion to Intervene is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On November 21, 2022, Plaintiff filed a Complaint seeking declaratory judgment that their policies do not obligate them to defend or indemnify Defendant and be liable for the damages Intervenor suffered during an accident. Pls'. Compl., ECF No. 1. According to Plaintiff's Complaint, on August 8, 2022, Intervenor was operating as an independent taxi driver under contract with Defendant. *Id.* Intervenor was driving a vehicle owned or leased by Defendant. *Id.* Intervenor was involved in an accident when she lost control of Defendant's vehicle and claims to have sustained bodily injuries. *Id.* Furthermore, Intervenor alleges tire failure was the cause of the accident as a result of Defendant's failure to maintain the vehicle. *Id.* Intervenor obtained counsel and presented a demand to Plaintiff for $125,000. *Id.* At the time the

1

accident was first reported to them, the failed tire was removed from the vehicle and subsequently lost. *Id.* As a result, Plaintiff was allegedly denied the opportunity to investigate the accident because of Defendant's failure to give notice regarding the accident. *Id.*

On December 16, 2022, Plaintiff served a copy of the Summons and Complaint on Defendant, ECF No. 5. On January 9, 2023, the Clerk filed a Notice to Counsel for answer status regarding the case since Defendant has not responded. ECF No. 6. Plaintiff filed a Status Report in accordance with the Clerk's notice. ECF No. 7. Following the Status Report, Plaintiff filed a Request for Entry of Default regarding Defendant, ECF No. 8, and the Clerk filed an Entry of Default regarding Defendant for failure to file an answer in response to the Complaint. ECF No. 10. On February 6, Intervenor filed a Motion to Intervene as a matter of right in this action to protect her interest. Int. Mot.

On February 8, 2023, Plaintiff replied to Intervenor's Motion indicating it does not oppose the Motion to Intervene. Pls'. Resp. Plaintiff also filed a Declaration executed by Margaret Hardesty, a Senior Claims Specialist for Plaintiff, stating Defendant has not provided notice of the traffic accident to Plaintiff. ECF No. 14. However, Intervenor has notified Plaintiff about the accident. *Id.* To date, Plaintiff has been unable to locate the tire. *Id.* On July 14, 2023, Plaintiff filed a Motion for Default Judgment stating that Defendant has failed to respond. ECF No. 15, 16. Plaintiff filed a Request for Hearing on its Motion for Default Judgment. ECF No. 17. On August 3, 2023, Intervenor filed a Motion for Entry of Order as to her Motion to Intervene since it was unopposed by Plaintiff. Int. Mot. On August 26, 2023, Intervenor filed a Request for a Hearing on her Motion to Intervene. ECF No. 20.

## II. LEGAL STANDARD

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Court must permit a party to intervene as a matter of right or may allow a party to intervene permissively. Fed. R. Civ. P. 24. Furthermore, the motion must state "the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held, "[L]iberal intervention is desirable to dispose of as much of the controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 24(a), the Court must permit a party to intervene on timely motion as a matter of right who:

> (1) is given unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Intervention as a matter of right is warranted if the party seeking intervention can demonstrate: 1) a timely request; 2) an interest in the subject matter of the action; 3) that disposition of the action without its presence would impair its ability to protect its interests; and 4) its interests are not adequately represented by the existing parties to the action. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); *Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991). A party seeking to intervene must meet all of these tests for intervention to be appropriate as a matter of right under Rule 24(a). *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Further, a district court is "entitled to the full range of reasonable discretion" to determine whether the requirements of intervention as a matter

3

of right have been met. *Id.* (quoting *Rios v. Enter. Ass'n Steamfitters Local U. # 638 of U.S.*, 520 F.2d 352, 355 (2d Cir. 1975)).

Federal Rule of Civil Procedure 24(b) provides for permissive intervention upon a timely motion by a party that "(A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 515 (E.D. Va. 2007). The decision to grant or deny a permissive motion to intervene lies within the sound discretion of the trial court. *Hill v. W. Elec. Co.*, 672 F.2d 381, 385-86 (4th Cir. 1982). However, the Court must consider whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties." *Allen v. Cty. Sch. Bd. of Prince Edward Cty.*, 28 F.R.D. 358, 363 (E.D. Va. 1961); Fed. R. Civ. P. 24(b)(3).

### III. DISCUSSION

Intervenor was an independent contractor of Defendant. Int. Mot. Intervenor was operating a vehicle owned or leased by Defendant when a failed tire caused Intervenor to suffer injuries. *Id.* Intervenor asserts that the Court should grant her Motion for Intervention as a matter of right because she has an interest relating to the policy coverage that Plaintiff refuses to pay, which is the subject of this action. *Id.* Furthermore, Intervenor argues that the existing parties do not adequately represent her interest. *Id.* Alternatively, Intervenor argues if she has no right to intervene, then the Court should grant permissive intervention because she shares a common question of law or fact with the existing parties regarding payments from the insurance policy. *Id.* Intervenor states specifically, "[t]he question of coverage under the policy is common to the parties with related questions of compliance by the insured with policy conditions." *Id.* Further, Plaintiff has indicated that they do not oppose the Motion to Intervene. Pls.' Resp.

The Court finds that Intervenor has satisfied the requirements to intervene as a matter of right and permissive intervention. She has demonstrated an interest relating to Plaintiff's policy coverage. If the Court finds that Plaintiff owes primary coverage to Defendant, resolving the action without Intervenor's presence will immediately impact Intervenor's interest in recovering damages for her injuries. Additionally, the existing parties do not adequately represent Intervenor's interest. The Fourth Circuit has held that "a party need not prove that he would be bound in a res judicata sense by any judgment" but "[w]here. . . the disposition of a case would, as a practical matter, impair the applicant's ability to protect his interest in the transaction, intervention may be allowed under Rule 24(a)." *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980). If not permitted to intervene, Intervenor would be unable to protect her interest because she would be forced to attempt to re-litigate the issues from the current action in a separate action.

Further, the Fourth Circuit has held that in determining the timeliness of a Rule 24 motion, "a reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989); *see also Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014). Here, Intervenor's Motion to Intervene was timely, and no party will be prejudiced.

Even if not warranted as a matter of right, the Court has broad discretion to allow permissive intervention where, as here, the party seeking to intervene asserts claims with a common question of law or fact in connection with the main action. A common question of law or fact is presented here with respect to insurance coverage for the same underlying claims. Moreover, the original parties will not be prejudiced by the intervention because this case is still

in the initial pleadings phase. Additionally, Plaintiff does not object to the intervention, and Defendant has not appeared in the action. Therefore, Intervenor's motion has a claim that shares a common question of law or fact with the main action.

## IV. CONCLUSION

For the reasons stated, the Motion to Intervene is **GRANTED**, ECF. Nos. 11, 18.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
September 19, 2023

Raymond A. Jackson
United States District Judge